IN THE UNITED STATES COURT
FOR THE WESTERN DIVISION IN TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| LARRY PORTERFIELD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   No. 2:20-cv-02772 |
| | * |
| DriverFACTS, Inc. | * |
| | * |
| and | * |
| | * |
| U.S. EXPRESS, INC., | * |
| | * |
| | * |
| Defendants. | * |
| | * |

_____

## COMPLAINT
_____

COMES NOW the Plaintiff, Larry Porterfield, by counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 *et.seq.* (Federal Fair Credit Reporting Act) and for common law tort of defamation.

### JURISDICTION

2.  The Jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3. Plaintiff is a natural person and resident of the State of Tennessee. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, DriverFACTS, Inc. ("DriverFACTS") is an on-line corporation. Its principal office is located at 1261 N. Lakeview, Suite J526, Anaheim, CA 92807. It does business in the State of Tennessee as an online Trucker Database Service.

5. Upon information and belief, DriverFACTS is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, DriverFACTS is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, DriverFACTS disburses such consumer reports to third parties under contract for monetary compensation.

7. Defendant U.S. Express, Inc. (hereinafter "U.S. Express") is a for-profit company, duly incorporated and currently operating in Shelby County, Tennessee. The registered agent for U.S. Express, Inc. is Wally Norris Anderson, 7035 Middlebrook Pike, Knoxville, TN 37909-1156.

8. Mr. Porterfield is a professional truck driver who was employed by U.S. Express beginning on January 19, 2018. Mr. Porterfield left his job with U.S. Express voluntarily on May 31, 2018 due to a dispute over the calculation of his payment. U.S. Express did not furnish any reports of any accidents or traffic violations during the period of his employment with the company.

9. Between June 1, 2018 and December 2018, Mr. Porterfield worked as fork lifter operator, house keeper, independent contractor, and a truck driver for Nu-Way Products, Inc.

10. On or about December 2018, unbeknownst to Mr. Porterfield, U.S. Express furnished a report to DriverFACTS Inc. that on April 4, 2018 in Bessemer, Alabama, Mr. Porterfield drove his truck across the center line of a road and side-swiped another vehicle.

11. U.S. Express furnished another report about the same time to DriverFACTS, Inc. that on February 16, 2018, in St. Louis, MO, Mr. Porterfield drove his truck into a fixed object while taking a right turn.

12. In January 2019, Mr. Porterfield applied to Intermodal Cartage Co. for a truck driving job. He didn't get the job. He was told by the safety department that the reason he did not get the job was because of two accidents listed on his truck driving record.

13. Mr. Porterfield did his own investigation into the matter. He contacted a trucker database service call "HireRight." HireRight did not have any information about the accident reports. It referred him to DriverFACTS. Mr. Porterfield inquired on-line with DriverFACTS and discovered that negative reports had been furnished to DriverFACTS by his former employer, U.S. Express.

14. On February 9, 2019, Mr. Porterfield submitted a written rebuttal (dispute) of the accident reports furnished by U.S. Express to DriverFACTS. He stated that the accident reports were false. He stated that he contacted the states where the accidents were alleged to have occurred and that the states had no documentation of the accidents.

He requested that DriverFACTS correct or delete the false accidence reports from his record.

15. Plaintiff requested that DriverFACTS correct or delete the false records, in accordance with its standard procedures, but DriveFACTS did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the U.S. Express representations.

16. In August 2019, the Alabama Law Enforcement Agency provided Mr. Porterfield with a certified letter stating that there is no are no driving record for him in that state. The Driver License Bureau of Missouri provided a similar certified letter stating that Mr. Porterfield did not have a record there either.

17. Between January 2019 and November 2019, Mr. Porterfield could only find lower paying, non-truck driving work through a temporary agencies.

18. On December 15, 2019, Mr. Porterfield was finally able to get a job as a truck driver for Supply Chain Solution because he was able to show the employer the certified letters he had obtained from Alabama and Missouri that proved he had a clean driving record.

19. DriverFACTS continues to publish the false accident records furnished by U.S. Express to the present date.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF AGAINST DRIVERFACTS

20. The Plaintiff realleges and incorporates the preceding paragraphs above as fully set out herein.

21. DriverFACTS violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

22. As a result of this conduct, action and inaction of DriverFACTS, the Plaintiff suffered damage by loss of opportunities for employment in higher-paying trucking jobs in 2019, and suffered the mental and emotional pain and anguish and the humiliation and embarrassment of being repeatedly denied employment within his profession.

23. DriverFACTS's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

24. The Plaintiff is entitled to recover costs and attorney's fees from DriverFACTS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## SECOND CLAIM FOR RELIEF AGAINST DRIVERFACTS

25. Plaintiff realleges and incorporates the preceding paragraphs above as fully set herein.

26. DriverFACTS violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful investigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

27. As a result of this conduct, action and inaction of DriverFACTS, the Plaintiff suffered damage by loss of opportunities for employment in higher-paying trucking jobs in 2019, and suffered the mental and emotional pain and anguish and the humiliation and embarrassment of being repeatedly denied employment within his profession.

28. DriverFACTS's conduct action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

29. The Plaintiff is entitled to recover costs and attorney's fees from DriverFACTS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## CLAIM FOR RELIEF AGAINST U.S. EXPRESS

30. Plaintiff realleges and incorporates the preceding paragraphs above as fully set herein.

31. U.S. Express published the false accident history reports to DriverFACTS and through DriverFACTS to all Plaintiff's potential employers on multiple occasions, including but not limited to the Alabama accident report on December 2018 and the Missouri accident report on February 16, 2018 (the "Defamation").

32. The Defamation was willful and with malice, and for the purpose of preventing Plaintiff from obtaining employment with another trucking company, effectively "black listing" him and ruining his professional reputation as a truck driver. Even after being called on to reinvestigate the matter, U.S. Express failed to take corrective action despite that both states reported that Plaintiff had no record. As a result, the false and malicious report is currently still being published.

33. As a result of this conduct, action and inaction of U.S. Express, the Plaintiff suffered damage by loss of opportunities for employment in higher-paying trucking jobs in 2019, and suffered the mental and emotional pain and anguish and the humiliation and embarrassment of being repeatedly denied employment within his profession.

34. The Defamation, conduct and actions of U.S. Express were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against U.S. Express in an amount to be determined by the Court.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

1. Issue process, requiring Defendants to answer this Complaint;
2. Find for a judgment against DriverFACTS on all claims plead for actual, statutory and punitive damages pursuant to 15 U.S.C. §1681 *et.seq.* (Federal Fair Credit Reporting Act), as well as costs and attorney's fees, in an amount to be determined by the Court;
3. Find for a judgment against U.S. Express for punitive damages for the common law tort of defamation, in an amount to be determined by the Court; and
4. Any and other, further, general, and specific relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ *Craig P. Barnes*

_____
Craig P. Barnes, BPR # 025121
Anidra Lomax BPR #028224
Attorneys for Plaintiff
Memphis Area Legal Services, Inc.
22 Front St. , Ste. 1100
Memphis, TN 38103
(901) 523-8822